UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Arielle Griffis, | Case No. 23-cv-01525 (JRT/DLM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Michael Segal, | |
| Respondent. | |

Petitioner Arielle Griffis has filed a petition for a writ of habeas corpus asking the Court to direct the Federal Bureau of Prisons ("BOP") to properly apply her First Step Act ("FSA") time credits to her sentence. (Doc. 1.). Although Ms. Griffis has not yet paid the filing fee or submitted an application to proceed *in forma pauperis* ("IFP"), the Court nevertheless proceeds to review the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Upon that review, this Court recommends that the petition be denied for failure to state a cognizable habeas claim.

On August 5, 2020, Ms. Griffis pleaded guilty in the United States District Court for the Northern District of Indiana to felon in possession of a firearm and/or ammunition in violation of 18 U.S.C. § 922(g)(1). *See United States v. Griffis*, 3:20-cr-00021-DRL-MGG (N.D. Ind. Aug. 5, 2020). (Doc. 13.)   She was sentenced to a term of imprisonment of 100 months, followed by a three-year term of supervised release. (*Id.* at Doc. 28.)  She

---

[1] Ms. Griffis's habeas petition is not brought pursuant to 28 U.S.C. § 2254. Nevertheless, the Rules Governing Section 2254 Cases may be applied to her petition. *See* Rule 1(b).

is currently serving that term of imprisonment at the Federal Correctional Institution in Waseca, Minnesota (FCI-Waseca).

In her habeas petition, Ms. Griffis claims that 18 U.S.C. § 3632 requires the BOP to apply earned FSA credits towards a prisoner's release date regardless of the prisoner's recidivism risk level. (Doc. 1 at 3.) Ms. Griffis contends that her recidivism risk level is "medium," and asks that the Court direct the BOP to apply her earned-FSA credits to her sentence. (Doc. 1 at 4.)

Ms. Griffis's claim concerns the implementation of the First Step Act of 2018 (FSA), which allows eligible federal prisoners to earn credit against their sentence for participating in "evidence-based recidivism reduction programs or productive activities." 18 U.S.C. § 3632(d)(4)(A). Pursuant to 18 U.S.C. § 3632(d)(4)(C), FSA credits are applied towards a prisoner's supervised release or pre-release custody dates in accordance with 18 U.S.C. § 3624(g). Section 3624(g), in turn, further defines which prisoners are eligible for their FSA credits to be applied towards their pre-release and supervised release dates. Pursuant to 18 U.S.C. § 3624(g)(1)(D)(ii), for FSA credits to be applied to the prisoner's supervised release date, the prisoner must have been determined to be "a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner." Thus, read together, although all eligible prisoners may earn FSA credits, *see* 18 U.S.C. § 3632(d)(4)(A), only those whose recidivism risk levels are "minimum" or "low" are eligible for those FSA credits to be applied to their supervised release date.

Ms. Griffis's recidivism risk level is currently medium.[2] (Doc. 1 at 3.) In accordance with 18 U.S.C. § 3624(g)(1)(D)(ii), therefore, she is not eligible to have her FSA credits applied towards her supervised release date. Thus, to the extent that Ms. Griffis claims that the BOP erred in failing to apply her FSA credits against her supervised release date, such a claim fails as a matter of law.[3]

It is true that, pursuant to the FSA, time credits may also be applied toward a prisoner's pre-release custody date. Pre-release custody means placement in either home confinement or a residential re-entry center ("RRC"). 18 U.S.C. § 3624(g)(2)(A)-(B). A habeas petitioner, however, may challenge only the fact or duration of her confinement. *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). Federal courts consider claims related to a prisoner's placement in home confinement or at an RRC as claims concerning the *place* of the prisoner's confinement. *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (discussing home confinement as a place of confinement); *see also Williams v. Birkholz*, Case No. 20-CV-2190 (ECT/LIB), 2021 WL 4155614, at *6 (D. Minn. July 20, 2021) ("A

---

[2] Ms. Griffis does not appear to contest her risk recidivism level. Her claim, rather, is that her level is irrelevant for the purposes of applying her earned FSA credits towards her release date. (Doc. 1 at 3-4.)

[3] Because the law is clear, there is no need for the Court to engage in any *Chevron*-like analysis of the BOP's program statement concerning its interpretation of the law. *See Ortega-Marroquin v. Holder*, 640 F.3d 814, 818 (8th Cir. 2011) (explaining that "the courts, as well as the agency, must give effect to the unambiguously expressed intent of Congress") (quoting *Chevron U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 842–43 (1984)).

prisoner is transferred to home confinement not released to home confinement because home confinement is a place of incarceration."), *report and recommendation adopted by* 2021 WL 4155013 (D. Minn. Sept. 13, 2021). Accordingly, to the extent that Ms. Griffis contends that her earned FSA credits should be applied toward her pre-release custody, such claims do not attack the legality of her detention, only the place of that detention. As such, a writ of habeas corpus is not available as a remedy to address a claim alleging a failure to be placed in pre-release custody in violation of the law. *See Jorgensen v. Birkholz*, No. 20-CV-2349 (NEB/DTS), 2021 2935641, at *1 (D. Minn. July 13, 2021) (explaining that the Court lacks subject matter jurisdiction to issue a write of habeas corpus where prisoner was challenging the place—as opposed to the fact or direction—of his detention).

In sum, the law expressly states that Ms. Griffis—whose risk of recidivism is "medium"—is not eligible to have her FSA credits applied to her supervised release date. 18 U.S.C. § 3624(g)(1)(D)(ii). And any claim related to her placement in pre-release custody under 18 U.S.C. § 3624(g)(1)(D)(i), is not cognizable as a habeas claim. This Court therefore concludes that Griffis is not entitled to habeas corpus relief and recommends that her habeas petition be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings above, **IT IS RECOMMENDED THAT** Petitioner Arielle Griffis's petition for habeas corpus relief under 28 U.S.C. § 2241 (Doc. 1.) be **DENIED**.

Dated: June 5, 2023            __s/Douglas L. Micko__
                                      DOUGLAS L. MICKO
                                      United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).