UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ARIELLE GRIFFIS, | |
| Petitioner, | Civil No. 23-1525 (JRT/DLM) |
| v. | |
| MICHAEL SEGAL, *Warden*, | **MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| Respondent. | |

Arielle Griffis, Reg. No. 18273-027, FCI Waseca, P.O. Box 1731, Waseca, MN 56093, *pro se* Petitioner.

Ana H. Voss and Lucas B. Draisey, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondent.

Petitioner Arielle Griffis is currently incarcerated and brings this Petition for Writ of Habeas Corpus alleging that the Bureau of Prisons ("BOP") failed to apply earned time credit under the First Step Act of 2018 ("FSA"). Magistrate Judge Douglas L. Micko reviewed Griffis's Petition and issued a Report and Recommendation ("R&R") recommending the Court deny Griffis' Petition. Because Griffis' claims for relief are premised on an incorrect interpretation of the FSA, the Court will adopt the R&R and deny the Petition and dismiss the case.

## BACKGROUND

Griffis is currently serving a 100-month term of imprisonment at FCI Waseca after pleading guilty to being a felon in possession of a firearm and/or ammunition in violation

of 18 U.S.C. § 922(g)(1). *See United States v. Griffis*, 3:20-cr-00021-DRL-MGG-1 (N.D. Ind. Aug. 5, 2020). Her projected release date is currently April 26, 2027. *Find an Inmate*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Aug. 21, 2023).

On May 15, 2023, Griffis filed her Petition for Writ of Habeas Corpus, arguing that her sentence should be reduced because she has earned First Step Act ("FSA") earned time credits while incarcerated. (Pet. Writ. Habeas Corpus ("Pet.") at 3, May 24, 2023, Docket No. 1.) Griffis claims that the BOP has refused to apply her earned time credits because she has a medium recidivism risk level. (*Id.* at 4.) Griffis claims that this is erroneous because earned credits should be applied regardless of recidivism risk level. (Pet., Ex. 1 ("Addendum") at 1, May 24, 2023, Docket No. 1-1.)

The Magistrate Judge issued an R&R recommending the Petition be denied and the case dismissed. (R. & R., June 6, 2023, Docket No. 45.) The Magistrate Judge concluded that Griffis' interpretation of the FSA was incorrect because, although all prisoners can earn time credits, only prisoners with "minimum" or "low" recidivism risk levels are eligible to apply their earned credits to their supervised release date. (*Id.* at 2.) According to the Magistrate Judge, the BOP reasonably interpreted the FSA credit application requirements. (*Id.*) Griffis now objects to the R&R, alleging that her current recidivism risk level is "low," but because the BOP does not have any Case Managers or Unit Team members available, her "pattern score" has not been updated to reflect the change. (Obj. R. & R., June 20, 2023, Docket No. 6.)

-2-

**DISCUSSION**

I.  **STANDARD OF REVIEW**

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774 at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3). When reviewing de novo, the Court will review the case from the start, as if it is the first court to review and weigh in on the issues. *See Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991) ("When *de novo* review is compelled, no form of appellate deference is acceptable."). However, de novo review of a magistrate judge's R&R "only means a district court 'give[s] fresh consideration to those issues to which specific objection has been made.'" *United States v. Riesselman*, 708 F. Supp. 2d 797, 807 (N.D. Iowa 2010) (quoting *United States v. Raddatz*, 447 U.S. 667, 675 (1980)).

A document filed by a pro se litigant is to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Eighth Circuit has been willing to liberally construe otherwise general pro se objections to R&Rs and to require a de novo review of all alleged errors. *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) ("[E]ven had petitioner's objections lacked specificity, a *de novo* review would still have been appropriate given such a concise

record."). However, "pro se litigants are not excused from failing to comply with substantive or procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

## II.  ANALYSIS

Griffis argues in her Petition that the BOP failed to apply earned FSA time credits in accordance with 18 U.S.C § 3632(d)(4). (Addendum at 1.) Griffis acknowledges that she is a medium recidivism risk level but argues that she is entitled to the application of earned time credits under the FSA regardless of her recidivism risk level. (*Id.* at 1; Pet. at 4., 7.) The Magistrate Judge determined that this argument fails because prisoners are only eligible to have their earned time credits applied if they have "shown through the periodic risk reassessments and demonstrated recidivism risk reduction" or have "maintained a minimum or low recidivism risk" while incarcerated. 18 U.S.C. §§ 3632(d)(4)(C) (explaining that only "eligible prisoners" may have their earned time credits applied to their sentence), 3624(g)(1)(B) (defining "eligible prisoners"). Because Griffis' Petition does not contest her medium recidivism risk level, and because the FSA does not require the BOP to apply time credits for medium risk prisoners, the Court finds the BOP did not err in refusing to apply her earned time credits.

Griffis now argues in her Objection to the R&R that she should be classified as minimum or low recidivism risk because she has completed 11 Adult Continuing Education Classes. (*See generally* Obj. R. & R.) She further argues that her recidivism risk level has not been updated because the BOP lacks necessary staffing to correct the issue. (*Id.* at 1.) As an initial matter, this argument was not raised in her Petition, thus the

Magistrate Judge did not have the occasion to consider it. It is thus proper for the Court to not consider the argument. *See Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) ("The district court properly refused to consider [appellant's] argument . . . because this argument was not presented first to the magistrate judge.").

However, even assuming that Griffis should have a low recidivism risk level, inmates are not entitled to have FSA credits applied until their earned time credits equal the remaining term of imprisonment. 18 U.S.C. § 3624(g)(1)(A) (stating that a prisoner is eligible for prerelease custody or supervised release when that prisoner "has **earned time credits** … in an amount that is **equal** to the remainder of the prisoner's imposed term of imprisonment."); *Mills v. Starr*, No. 21-1335, 2023 WL 2645030, at *2 (D. Minn. Mar. 27, 2023). Griffis' projected release date is April 26, 2027, so she has over forty months remaining on her sentence. Even assuming Griffis is correct that she has taken 11 classes, she has not shown that her earned time credits equal the remainder of her sentence, as credits are earned per the number of days of successful participation, and not based on the number of classes taken. 18 U.S.C. § 3632(d)(4)(A)(i) ("A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities"); *see* 28 C.F.R. § 523.42(c)(1) (explaining that the BOP regulation entitles prisoners to 10 days of earned time credit per 30 days that the prisoner successfully participates in

programming, regardless of how many programs the prisoner has successfully participated in during that time).

In sum, the language of the FSA does not require the BOP to apply time credits for inmates who reflect a medium recidivism level. Because Griffis' Petition conceded that she was medium risk, the BOP properly denied Griffis's request for Administrative Remedy. Further, even if Griffis' risk was low, the FSA does not require the BOP to apply time credits for inmates whose remaining term of imprisonment and earned time credits are not yet equal. As such, the Court will affirm the Magistrate Judge's R&R, overrule Griffis' Objection, and dismiss the Petition without prejudice.[1]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objection to the Report & Recommendation [Docket No. 6] is **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [Docket No. 4] is **ADOPTED**;

3. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**; and

---

[1] The Court is dismissing Griffis' action without prejudice, meaning that Griffis is allowed to re-file her Petition in the future if there is new information relevant to the Court's decision.

4. Petitioner's action is **DISMISSED without prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  August 24, 2023  
at Minneapolis, Minnesota.

*[signature: John R. Tunheim]*

JOHN R. TUNHEIM  
United States District Judge